UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
CLIFTON MALLERY a/k/a ENJAI OMAA EELE    :
and AMNAU KARAM EELE,                    :
                       Plaintiffs,       :     07 Civ. 2250 (DLC)
                                         :
             -v-                         :     MEMORANDUM OPINION
                                         :          AND ORDER
NBC UNIVERSAL, INC., NBC UNIVERSAL       :
TELEVISION STUDIO, TAILWIND              :
PRODUCTIONS, TIM KRING, DENNIS HAMMER,   :
ALLAN ARKUSH, JEPH LOEB and BRYAN        :
FULLER,                                  :
                       Defendants.       :
                                         :
-----------------------------------------X

Appearances:

For Plaintiffs:
John A. Coleman, Jr.
Freidberg Cohen Coleman & Pinkas, LLP
444 Madison Avenue, Suite 805
New York, NY 10022

For Defendants:
Marcia Beth Paul
Lacy H. Koonce
Davis Wright Tremaine LLP
1633 Broadway
New York, NY 10019

Hilary Lane
NBC Universal, Inc.
Legal Department
30 Rockefeller Plaza
New York, NY 10122

DENISE COTE, District Judge:

Plaintiffs Clifton Mallery a/k/a Enjai Omaa Eele and Amnau Karam Eele ("plaintiffs") brought this action against the defendants NBC Universal, Inc., NBC Universal Television Studio,

Tailwind Productions, Tim Kring, Dennis Hammer, Allan Arkush, Jeph Loeb, and Bryan Fuller ("defendants") alleging that the television series Heroes, which is (collectively) written, produced, and broadcast by the defendants, infringed the copyrights held by the plaintiffs in their 777-page handwritten novel The Twins: Journey of the Soul ("The Twins"), their short film based on The Twins entitled The Letter, and their painting series Envious of America. Defendants moved to dismiss, and the motion was converted to a motion for summary judgment and granted in an Opinion dated December 3, 2007. Mallery v. NBC Universal, Inc., No. 07 Civ. 2250 (DLC), 2007 WL 4258196 (S.D.N.Y. Dec. 3, 2007) (the "December 2007 Opinion"). As the prevailing party in this copyright action, defendants have now filed an application for attorney's fees pursuant to 17 U.S.C. § 505 in the amount of $99,106.45. For the reasons stated below, that application is granted.

DISCUSSION

The Copyright Act permits a court "in its discretion" to award costs, including a "reasonable attorney's fee," to the prevailing party in a copyright infringement action. 17 U.S.C. § 505. In deciding whether to award such costs and fees, courts may consider, among other factors, "frivolousness, motivation, objective unreasonableness (both in the factual and

in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994) (citation omitted). The Court of Appeals has held that the factor of "objective unreasonableness" should be given "substantial weight" in conducting the analysis called for in Fogerty, Matthew Bender & Co., Inc. v. West Publ'g Co., 240 F.3d 116, 122 (2d Cir. 2001), and courts of this Circuit have awarded fees under § 505 based on a finding of objective unreasonableness alone. See, e.g., Adsani v. Miller, No. 94 Civ. 9131 (DLC), 1996 WL 531858, *13 (S.D.N.Y. Sept. 19, 1996) (citing cases); see also Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 357 (S.D.N.Y. 2006). In any event, these factors must be applied in a manner that is "faithful to the purposes of the Copyright Act," Fogerty, 510 U.S. at 534 n.19, which is "'[t]o promote the Progress of Science and useful Arts.'" Id. at 527 (quoting U.S. Const. art. I, § 8, cl. 8)). As both the prevention of infringement and the successful defense of unmeritorious copyright claims can further this goal, the Supreme Court has held that awards under § 505 are equally available to prevailing defendants and prevailing plaintiffs. Id. at 526-27, 533.

Although a finding that a defendant is entitled to summary judgment does not automatically entitle that defendant to

attorney's fees pursuant to § 505, see Adsani, 1996 WL 531858, at *16 (citing CK Co. v. Burger King Corp., No. 92 Civ 1488 (CSH), 1995 WL 29488, *1 (S.D.N.Y. Jan. 26, 1995)), the December 2007 Opinion demonstrates that the plaintiffs' copyright infringement claims were objectively unreasonable. As described in that Opinion, a careful review of the plaintiffs' works and Heroes television program reveals that the plaintiffs' "claims are wholly without merit, as nearly every instance of alleged similarity between Heroes and the plaintiffs' work relates to unprotectable ideas rather than protectable expression and, viewed more broadly, the 'total concept and feel' of these works are profoundly different." December 2007 Opinion, at *6 (quoting Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc., 150 F.3d 132, 140 (2d Cir. 1998)). In particular, the plaintiffs' argument that the use of a "stopping the catastrophe" story arc, symbols, close-up images of eyes, "twin" characters (i.e., characters that often appear together on screen), and block lettering in title sequences made Heroes and the plaintiffs' works substantially similar bordered on the frivolous, both legally and factually. Id. at *7. The comparison plaintiffs attempted to draw between Isaac Mendez of Heroes and the characters depicted in the plaintiffs' work was likewise objectively unreasonable as a matter of law, id. at *6, and fact. Id. at *7.

Plaintiffs argue in opposition to the fee application that "determinations about substantial similarity are rarely obvious," citing Pasillas v. McDonald's Corp., 927 F.2d 440, 444 (9th Cir. 1991), and that the plaintiffs "truly believe" that, in light of alleged similarities, defendants did copy their work. Even assuming the truth of both of these statements, however, plaintiffs' claims remain objectively unreasonable, as the profound dissimilarity between their works and Heroes was indeed "obvious" in this case, and plaintiffs' professed subjective belief to the contrary is thus itself unreasonable and entitled to no weight here. In addition, an award under § 505 in this case would "advance considerations of compensation and deterrence," Fogerty, 510 U.S. at 534 n.19 (citation omitted), as "failing to award attorney's fees to defendants . . . would invite others to bring similarly unreasonable actions without fear of any consequences." Earth Flag Ltd. v. Alamo Flag Co., 154 F. Supp. 2d 663, 668 (S.D.N.Y. 2001). It is therefore appropriate to award attorney's fees to the defendants under § 505.

Thus, it is now necessary to consider whether the $99,106.45 requested by the defendants represents a "reasonable attorney's fee." 17 U.S.C. § 505. In making this determination, courts should apply "the lodestar method," which "emphasiz[es] a comparison to rates of lawyers of similar skill

and experience in the community," Crescent Publishing Group, Inc. v. Playboy Enters., Inc., 246 F.3d 142, 150 (2d Cir. 2001) (citing Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983) (42 U.S.C. § 1988)), while keeping in mind that, "for prevailing parties with private counsel, the actual billing arrangement" should be considered "a significant, though not necessarily controlling, factor in determining what fee is 'reasonable.'" Id. at 151.

Defendants have submitted in support of their application detailed billing reports stating the rates charged by defense counsel and the hours spent on each litigation task. Plaintiffs do not argue that defense counsel's rates are unreasonable, but rather that the time spent drafting the defendants' motion papers -- 145.5 hours, by plaintiffs' count -- "seems excessive." Having reviewed the billing records, as well as defendants' submissions in connection with the motion to dismiss, plaintiffs' argument on this point is rejected. The plaintiffs' claims stemmed from a sprawling tale in a lengthy hand-written novel, a film, and a series of paintings, and a host of alleged similarities with a successful television series. To address the entirety of the plaintiffs' claims, it was entirely reasonable for the defendants to expend this effort on their motion practice.

Finally, both of the plaintiffs have submitted identical, three-sentence affidavits reporting, in substance, that they "have no home, no job, no regular income, no money and no financial assets," and requesting that the Court take these facts into account in addressing defendants' application. While it is not contested that the relative financial status of the parties may be an appropriate consideration in determining whether an award under § 505 is reasonable, see Adsani, 1996 WL 531858, at *16, plaintiffs' brief, unsupported affidavits are insufficient to alter the analysis in this case. The otherwise reasonable award sought by the defendants will therefore not be reduced on the basis of claimed financial hardship.

CONCLUSION

The defendants' application for $99,106.45 in attorney's fees under 17 U.S.C. § 505 is granted. The Clerk of Court shall close the case.

SO ORDERED:

Dated:  New York, New York
        March 18, 2008

*[signature]*
DENISE COTE
United States District Judge

7